COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




JIMMY LEE SWEED,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00229-CR



Appeal from the


171st Judicial District Court


of El Paso County, Texas 


(TC# 20080D00394) 




MEMORANDUM OPINION


 Jimmy Sweed attempts to appeal his conviction for obstruction or retaliation. Finding
that Appellant has no right to appeal, we dismiss the appeal. 

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal each time it enters a judgment of
guilt or other appealable order. In a plea bargain case -- that is, a case in which a 
defendant's plea was guilty or nolo contendere and the punishment did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant --
a defendant may appeal only:


 (A) those matters that were raised by written motion and filed and
ruled on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 In this case, the trial court's certification indicates that Appellant's conviction was the
result of a plea bargain, and Appellant has no right to appeal. By letter dated September 10,
2008, the clerk of this Court notified Appellant that the certification indicated that he had no
right of appeal in this case and requested a response. Appellant's attorney has responded to the
Court's notice, and has agreed that Appellant voluntarily waived his right to appeal when he
entered the plea bargain. Accordingly, we dismiss the appeal.




November 6, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)